IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COURTNEY CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-02082-JPG |
| | ) |
| COUNSELOR JARRETT, | ) |
| LT. BROOKS, | ) |
| COUNSELOR SHAW, | ) |
| C/O JOHN DOE, | ) |
| LT. HENDRICKSON, | ) |
| MS. HOUSER, | ) |
| and DANIEL SPROUL | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Courtney Curtis is a former federal inmate who was incarcerated at the United States Penitentiary in Marion, Illinois (USP-Marion), when his claims arose. He filed this *pro se* suit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Plaintiff challenges disciplinary action taken against him at USP-Marion on due process grounds. *Id*. at 1-23. He seeks money damages, expungement of his ticket, and restoration of good conduct credit.[1] *Id*. at 14.

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.

---

[1] Plaintiff filed this action in the United States District Court for the Northern District of Ohio while he was housed at the Federal Correctional Institution located in Elkton, Ohio (FCI-Elkton). The case was transferred to this District on September 6, 2022. (Doc. 7).

1

28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff brings suit against seven officials—Counselor Jarrett, Lt. Brooks, Drug Counselor Ms. Shaw, Correctional Officer John Doe, Lt. Henderson, Ms. Houser, and Warden Daniel Sproul—for due process violations that occurred in connection with his punishment for drug use at USP-Marion. (Doc. 1, pp. 1-23). Plaintiff alleges that he was issued a disciplinary ticket after testing positive for marijuana on June 30, 2021. *Id*. at 5, 15. He possessed paperwork establishing his approved use of marijuana, but Defendants failed to present or consider this evidence at his disciplinary hearing. *Id*. at 6. He was found guilty of prohibited drug use and punished with 41 days of lost good conduct time, placement in the special housing unit (SHU), and loss of privileges including recreation. *Id*. at 15-18.

Shaw served as Plaintiff's staff representative at his disciplinary hearing. *Id*. at 6, 15. However, she failed to take his marijuana paperwork or present the medical permit as evidence of his innocence. Houser falsely documented Plaintiff's waiver of the right to call witnesses. Hendrickson failed to take his statement. Jarrett failed to document evidence of the medical permit during the hearing. *Id*. at 6, 10. He also failed to write down the name of one witness who Plaintiff wanted to testify. *Id*. at 6.

Brooks retaliated against Plaintiff on July 20, 2021, by calling him a "whiny little snitch" in front of other inmates. *Id*. at 8. This officer made the comment immediately after Plaintiff submitted a written complaint about the conditions of his confinement in the SHU due to a 52-day denial[2] of recreation, law library access, phone calls, and other privileges. John Doe 1 denied him recreation during this entire time period. Warden Sproul failed to intervene and

---
[2] These deprivations occurred from July 7, 2021 until September 9, 2021. *Id*. at 13.

overturn the disciplinary decision or give him access to recreation.  Plaintiff lost weight as a result of the restrictions on his movement.  He was unable to resolve the disciplinary ticket on appeal, seek restoration of good conduct time, go back to camp, or qualify for release to home detention.  *Id*. at 11.  He suffered emotional distress.  *Id*.

Based on these allegations in the *pro se* Complaint, the Court designates the following counts:

> **Count 1:**   Defendants violated Plaintiff's Fifth Amendment right to due process of law when they punished him for marijuana use without considering evidence of his medical marijuana permit, his written statement, or his witness testimony.
>
> **Count 2**:   Defendant Brooks retaliated against Plaintiff in violation of the First Amendment by calling him a "whiny little snitch" in front of other inmates on July 20, 2021, just after Plaintiff submitted a written complaint about the conditions of his confinement in USP-Marion's SHU.
>
> **Count 3:**   Defendant Sproul failed to intervene, overturn the disciplinary decision, and grant Plaintiff access to recreation and other privileges, in violation of Plaintiff's rights under the Eighth Amendment.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  Any claim in the Complaint not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[3]

## Discussion

Plaintiff brings three separate constitutional claims for money damages against the defendants pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392 (1971).  The Supreme Court first recognized an implied damages remedy against federal agents who violated the Fourth Amendment prohibition against unreasonable searches and seizures in *Bivens*.  *Id*. The *Bivens* Court acknowledged that the Fourth Amendment does not explicitly provide for a

---

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

damages remedy, but also pointed out that Congress took no action to explicitly foreclose the remedy and that no special factors counseled hesitation in the face of this congressional silence. *Bivens*, 403 U.S. at 396. Since *Bivens*, the Supreme Court has recognized the implied damages remedy against federal officers in only two other contexts, including a Fifth Amendment gender discrimination claim in *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment medical deliberate indifference claim in *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has declined to extend the remedy to any other context or new category of defendants for more than four decades.

In recent years, the Court has taken the position that all further expansion of this remedy is a strongly disfavored judicial activity. *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017). Therefore, when presented with a constitutional claim for money damages against an individual federal agent, a court should first consider whether the case differs in a meaningful way from *Bivens* claims previously authorized by the Supreme Court. *Id*. at 139-40. If so, the court must consider whether special factors counsel hesitation in expansion of this remedy into the new context in the absence of congressional action. *Id*.

Plaintiff seeks money damages for violations of his rights under the Fifth, First, and Eighth Amendments. The Court finds that each of these claims presents a new context, not previously recognized in *Bivens*, *Davis*, or *Carlson* and foreclosed by recent Supreme Court cases. *See Ziglar*, 582 U.S. at 130; *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022). Count 1, involving a Fifth Amendment due process claim, does not fit into any of these categories. This claim arises from procedural due process violations that occurred at a disciplinary hearing and does not implicate due process violations akin to the gender discrimination at issue in *Davis*. The Seventh Circuit has held that claims premised on due process violations arising from

administrative and disciplinary proceedings are not cognizable under *Bivens* and are appropriately dismissed at screening. *See Goree v. Serio*, 735 F. App'x 894 (7th Cir. 2018). Count 2, the First Amendment retaliation claim, is also subject to dismissal at screening. The Supreme Court recently settled the question of whether such claims should proceed against individual federal agents in *Egbert* and held that *Bivens* does not extend to create a cause of action for First Amendment retaliation claims. *Egbert*, 142 S. Ct. at 1807. There is no *Bivens*-type remedy available for First Amendment retaliation claims. *Id*. Count 3, the Eighth Amendment claim based on Warden Sproul's alleged failure to intervene and stop other ongoing constitutional deprivations, presents a new and different context than the medical deliberate indifference claim in *Carlson*. Even if this claim could proceed post-*Abbasi* and -*Egbert*, the allegations against the warden are threadbare and fail to state any claim for relief against this defendant. Consistent with precedent and the standards set forth in *Twombly*, the claims for money damages in Counts 1, 2, and 3 against the individual federal agents shall be dismissed with prejudice.

The Court next considers Plaintiff's request for expungement of his disciplinary ticket and restoration of his good conduct credit. Certainly, a loss of good conduct credit implicates a liberty interest because the loss of this credit lengthens a plaintiff's prison sentence. Therefore, Plaintiff may have a cognizable due process claim for the good conduct time that was revoked as punishment following his disciplinary hearing, but a *Bivens* action is not the appropriate place to raise this claim.

A habeas action brought pursuant to 28 U.S.C. § 2241 is available to address due process claims arising from the loss of good conduct credit in disciplinary proceedings. *See Waletski v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994). Habeas corpus is the sole federal remedy

available to a federal inmate who seeks immediate or speedier release from custody or wishes to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, *Bivens* cannot be used to expunge Plaintiff's disciplinary ticket and restore lost good conduct time. For this reason, the claim for injunctive relief that includes expungement of the disciplinary ticket and restoration of good conduct credit shall be dismissed with prejudice in this *Bivens* action and without prejudice to any habeas relief that Plaintiff wishes to pursue.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** with prejudice against **ALL DEFENDANTS** because the claims for money damages against the individual federal officers are foreclosed post-*Abbasi* and -*Egbert* and the allegations also fail to state a claim upon which relief may be granted.

This Order does not preclude Plaintiff from filing a separate habeas action, if he wishes to pursue his due process challenge to the disciplinary proceeding and seek restoration of good conduct credit. **Along with a copy of this Order, the Clerk's Office is DIRECTED to SEND Plaintiff a blank Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.**

Plaintiff's claims against **ALL DEFENDANTS** pursuant to *Bivens* are **DISMISSED** with prejudice.

Plaintiff is also **ADVISED** that his obligation to pay the filing fee for this action was incurred when he filed the action; the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose

to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: 8/17/2023

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**